THIRD DEPARTMENT, DECEMBER, 1990

(December 3, 1990)

■ In the Matter of STEPHEN E. COOPER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent, who was admitted to the Bar by the Appellate Division, Second Department, in 1973 and who maintains an office for the practice of law in Schenectady, has tendered his resignation as an attorney and counselor-at-law in accordance with section 806.8 of this court's rules (22 NYCRR 806.8).

In an affidavit sworn to November 5, 1990, respondent, represented by counsel, states that he is acting freely and voluntarily and is fully aware of the consequences of his resignation. He further states that he is aware of a pending investigation by the Committee on Professional Standards concerning his handling of several estates and that he does not contest allegations that he converted estate funds in the following amounts: Gabson estate, $176,709.79; Jenkins estate, $389,449.84; Grauppner estate, $27,500; and Karrol conservatorship, $436,638.63. Finally, respondent states that he recognizes that his failure to contest the allegations concerning the above matters precludes him from asserting his innocence of such allegations of professional misconduct.

Petitioner does not object to respondent's resignation but has submitted a written request for an order requiring respondent to make monetary restitution in accordance with Judiciary Law § 90 (6-a) (e) in the amounts noted above totaling $1,030,298.26. Respondent's attorney has advised that no reply will be submitted to petitioner's request for such an order. Judiciary Law § 90 (6-a) (e) authorizes the Appellate Division, if it permits an attorney to resign, to issue an order requiring the attorney to make monetary restitution for money or property willfully misappropriated or misapplied by the attor-

ney in the practice of law. The order may also require the attorney to reimburse the Lawyers' Fund for Client Protection (formerly the Clients' Security Fund) for awards made to the persons whose money or property was willfully misappropriated or misapplied (Judiciary Law § 90 [6-a] [a]).

In view of the circumstances presented, respondent's resignation is accepted and he is disbarred, effective immediately (22 NYCRR 806.8 [b]; *see, Matter of Hoffman,* 130 AD2d 839, 840). Further, since it appears by respondent's own admissions that he willfully misappropriated or misapplied funds in the practice of law, he is ordered to make monetary restitution in the total amount of $1,030,298.26 as requested by petitioner, and to reimburse the Lawyers' Fund for Client Protection, if awards have been made in these instances, all in accordance with Judiciary Law § 90 (6-a).

Application to resign granted and resignation accepted; respondent ordered disbarred as an attorney and counselor-at-law, effective immediately; respondent ordered to make monetary restitution and/or reimbursement in the amount of $1,030,298.26 in accordance with Judiciary Law § 90 (6-a) (e). Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.