petitioner commenced this CPLR article 78 proceeding, is incapacitated from performing his duties as a firefighter due to coronary heart disease. The determinative issue in this proceeding is whether Boyd's incapacity was the result of a disability sustained in service as a firefighter. If there is conflicting medical opinion presented, respondent's evaluation of such testimony must be accepted *(see, Matter of Kubica v New York State Employees' Retirement Sys.,* 171 AD2d 917; *Matter of Legault v Regan,* 105 AD2d 505, 506). Petitioner's medical expert could not state with any certainty that Boyd's occupation caused or contributed to his disease. Respondent's medical expert, however, unequivocally testified that smoke inhalation and other conditions of Boyd's occupation do not have a "positive correlation" to coronary heart disease. He also opined that emotional and physical stresses of a firefighter do not cause coronary heart disease. In addition, both experts testified that Boyd's heavy cigarette smoking contributed to his disease. We find that this testimony, coupled with other evidence in the record, provided competent evidence to rebut the "heart presumption" provided in Retirement and Social Security Law § 363-a (1) *(see, Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys.,* 156 AD2d 775, *lv denied* 75 NY2d 710; *see also, Matter of Ashley v New York State Policemen's & Firemen's Retirement Sys.,* 132 AD2d 90, 92).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

(February 11, 1992)

◼ In the Matter of H. ROBERT WALL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1953 and has maintained an office for the practice of law in Owego, Tioga County.

Petitioner, the Committee on Professional Standards, moves to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the ground he has ceased to be an attorney by virtue of his conviction of a felony. Petitioner also moves for an order requiring respondent to make monetary restitution pursuant to Judiciary Law § 90 (6-a).

On January 10, 1992, respondent was convicted in Tioga

County Court upon his plea of guilty to the class C felony of grand larceny in the second degree (Penal Law § 155.40 [1]). The superior court information to which respondent pleaded guilty accused him of stealing $865,549.21 from 36 named clients. The amounts taken were as large as $100,999 and as small as $1,260.67. Pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney and counselor-at-law upon his conviction of said felony.

Judiciary Law § 90 (6-a) authorizes this court to require respondent to make monetary restitution to the persons whose moneys he willfully misappropriated or misapplied and to require respondent to reimburse the Lawyers' Fund for Client Protection for any awards made to such persons (see, Matter of Cooper, 168 AD2d 695).

Respondent does not oppose the order sought by petitioner and, accordingly, petitioner's motion is granted. Respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. Pursuant to Judiciary Law § 90 (6-a), respondent shall be required to make monetary restitution to the persons whose moneys he willfully misappropriated or misapplied in the amounts listed in the superior court information to which respondent pleaded guilty and shall be required to reimburse the Lawyers' Fund for Client Protection for any awards made to such persons.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that, effective immediately, H. Robert Wall be and hereby is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys; and it is further ordered that respondent is directed to make monetary restitution to the persons whose moneys he willfully misappropriated or misapplied in the amounts listed in the superior court information to which respondent pleaded guilty and is directed to reimburse the

Lawyers' Fund for Client Protection for any awards made to such persons.